# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-377V

* * *

| | |
|---|---|
| JASON POVEY,<br><br>  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>  Respondent. | Chief Special Master Corcoran<br><br>Filed: March 6, 2024 |

*John R. Howie, Jr.*, Howie Law, P.C., Dallas, TX, for Petitioner.

*Madylan L. Yarc*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON ENTITLEMENT**[1]

On January 8, 2021, Jason Povey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table left shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccination on November 4, 2020. Petition at ¶¶ 1-6.  Petitioner further alleges he suffered a SIRVA within forty-eight hours after the administration of his flu vaccination and that his continued shoulder problems are a sequela of his SIRVA injury, that his SIRVA persisted for more than six months, that the vaccination was administered in within the United States, and that neither he, nor any other party, has every filed any action or received compensation in the form of an award or settlement for Petitioner's vaccine-related injury. Petition at 1-

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 29, 2024, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that petitioner had no history of pain, inflammation, or dysfunction of his left shoulder prior to vaccination; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain *Id.* at 5. Respondent further agrees that petitioner suffered the residual effects of his condition for more than six months and therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master